THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FORMA CONSTRUCTION COMPANY

Plaintiff,

vs.

UNITED STATES OF AMERICA,

Defendant.

NO.

**COMPLAINT FOR REFUND OF INTERNAL REVENUE TAXES**

COMES NOW, FORMA CONSTRUCTION COMPANY, by and through its undersigned attorneys, hereby alleges as follows:

**I.     INTRODUCTION**

1.     This is an action for the recovery of Internal Revenue taxes that have been erroneously, illegally, or wrongfully assessed and collected by the Internal Revenue Service (IRS) from the Plaintiff, including the unrefunded portion of the Employee Retention Credit due the plaintiff under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) for the tax period ending March 31, 2021, and certain penalties and interest on penalties related

COMPLAINT FOR REFUND OF INTERNAL REVENUE TAXES - 1



Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144   WWW.HELSELL.COM

to employment tax for the tax periods ending September 30, 2019; June 30, 2010; September 30, 2020; and December 31, 2020.

2. Plaintiff Forma Construction Company (Forma) is a Washington Corporation headquartered in Olympia, Washington. Its Taxpayer Identification Number is XX-XXX9904.

3. The defendant is The United States of America.

## II.   JURISDICTION AND VENUE

4. The Court has jurisdiction over this action for a refund of income tax pursuant to the provisions of Title 28, United States Code § 1346(a)(1) and Title 26, United States Code § 7422.

5. Venue is proper pursuant to Title 28, United States Code § 1402(a)(1) because Plaintiff headquarters are in Olympia, Washington.

## III.   CLAIM 1: UNREFUNDED PORTION OF EMPLOYEE RETENTION CREDIT

6. The Plaintiff seeks a refund of $246,825.26 related to the Employee Retention Credit due the plaintiff under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) with respect to its Form 941, Employer's Quarterly Federal Tax Return, for the tax period ending March 31, 2021.

7. On September 29, 2021, the Plaintiff filed a formal claim for refund on Form 941-X, Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund, for the period ending March 31, 2021. Attached as Exhibit A is a copy of the IRS Account Transcript for Plaintiff's March 31, 2021 Form 941, showing the date the claim for refund was filed.

COMPLAINT FOR REFUND OF INTERNAL REVENUE TAXES - 2

HELSELL
FETTERMAN
Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144   WWW.HELSELL.COM

8. The Plaintiff claimed the Employee Retention Credit in the amount of $1,283,345.00, and claimed a refund in the amount of $1,283,345. Attached as Exhibit B is a copy of the Plaintiff's Form 941-X, claim for refund.

9. The IRS processed the Plaintiff's claim and allowed a credit of $1,036,519.74. See the entry dated January 1, 2021 showing a credit of $1,036,519.74 on Exhibit A.

10. The allowed credit of $1,036,519.74 is $246,825.26 less than the amount of $1,283,345.00 to which Plaintiff is entitled.

11. The IRS issued a refund to the Plaintiff on May 23, 2022. See Exhibit A.

12. The IRS did not provide an explanation as to why it did not allow and refund the total amount claimed.

13. The IRS did not mail, by certified mail or registered mail, a notice of the disallowance of the part of the claim to which this suit relates.

14. This claim is timely under 26 U.S.C. § 6532 because it is not being filed before the expiration of 6 months from the date of filing the claim, and it is not filed after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

**IV.   CLAIM 2: REFUND OF IRC § 6656 FAILURE TO DEPOSIT PENALTY AND INTEREST – SEPTEMBER 30, 2019 FORM 941**

15. Plaintiff realleges and reincorporates all facts in the preceding paragraphs 1 through 14.

16. Plaintiff seeks a refund in the amount of $4,095.11 related to its payment of the failure to deposit penalty assessed under IRC § 6656.

17. Plaintiff timely filed its Form 941 for the period ending September 30, 2019.

COMPLAINT FOR REFUND OF INTERNAL REVENUE
TAXES - 3

HELSELL
FETTERMAN
Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144   WWW.HELSELL.COM

18. On April 20, 2020, the IRS assessed a penalty in the amount of $48,840.33 under IRC § 6656 for the failure to deposit employment taxes. Attached as Exhibit C is a copy of the IRS Account Transcript for Plaintiff's September 30, 2019 Form 941.

19. On August 7, 2020, Plaintiff wrote to the IRS requesting abatement of the penalty.

20. On June 1, 2022, the IRS wrote to Plaintiff stating that "We reviewed your account and are pleased to tell you that the penalty has been abated." Attached as Exhibit D is a copy of Letter LTR 168C, confirming the penalty was abated.

21. However, the IRS only abated $44,745.22 of the penalty, leaving $4,095.11 of the penalty, to be refunded.

22. The IRS did not mail, by certified mail or registered mail, a notice of the disallowance of the part of the claim to which this suit relates.

23. This claim is timely under 26 U.S.C. § 6532 because it is not being filed before the expiration of 6 months from the date of filing the claim, and it is not filed after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

## V. CLAIM 3: REFUND OF IRC § 6656 FAILURE TO DEPOSIT PENALTY AND INTEREST – JUNE 30, 2020 FORM 941

24. Plaintiff realleges and reincorporates all facts in the preceding paragraphs 1 through 23.

25. Plaintiff seeks a refund in the amount of $1,829.48 related to its payment of the failure to deposit penalty assessed under IRC § 6656.

26. Plaintiff timely filed its Form 941 for the period ending June 30, 2020.

COMPLAINT FOR REFUND OF INTERNAL REVENUE TAXES - 4

HELSELL FETTERMAN
Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144   WWW.HELSELL.COM

27. On March 15, 2021, the IRS made one assessment in the amount of $55,550.31, and a second assessment in the amount of $1,795.22, both under IRC § 6656 for the failure to deposit employment taxes. Attached as Exhibit E is a copy of the IRS Account Transcript for Plaintiff's June 30, 2020 Form 941.

28. The IRS subsequently abated the failure to deposit penalty in the amount of $55,550.31. See Exhibit E.

29. On October 31, 2021, Plaintiff paid $1,829.48, which was applied to the remaining failure to deposit penalty and interest on that penalty. See Exhibit E.

30. On October 31, 2023, Plaintiff timely filed a formal claim for refund on Form 843, Claim for Refund and Request for Abatement, in the amount of $1,829.48. Attached as Exhibit F is a copy of the Plaintiff's complete claim for refund.

31. As illustrated by the claim for refund, the Plaintiff timely deposited its employment taxes and is not liable for the penalty. See Exhibit F.

32. On March 6, 2024, the IRS retaliated against Plaintiff in response to its claim for refund by asserting an additional failure to deposit penalty IRC § 6656 in the amount of $57,345.53. Attached as Exhibit G is a copy of the IRS letter Ltr 2782C, asserting the additional penalty.

33. The IRS claims in its letter that it previously abated the failure to deposit penalty in the amount of $55,550.31 without requesting a valid Report of Tax Liability for Semiweekly Schedule Depositors, Schedule B (Form 941).

34. Plaintiff included with its claim for refund a valid Schedule B plus a deposit analysis that confirmed Plaintiff made timely deposits of all tax. See Exhibit F.

35. The IRS did not mail, by certified mail or registered mail, a notice of the disallowance of the part of the claim to which this suit relates.

COMPLAINT FOR REFUND OF INTERNAL REVENUE TAXES - 5

HELSELL FETTERMAN
Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144  WWW.HELSELL.COM

36. This claim is timely under 26 U.S.C. § 6532 because it is not being filed before the expiration of 6 months from the date of filing the claim, and it is not filed after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

## VI.  CLAIM 4: REFUND OF IRC § 6656 FAILURE TO DEPOSIT PENALTY AND INTEREST – SEPTEMBER 30, 2020 FORM 941

Plaintiff realleges and reincorporates all facts in the preceding paragraphs 1 through 36.

37. Plaintiff seeks a refund in the amount of $60,773.69 related to its payment of the failure to deposit penalty assessed under IRC § 6656.

38. Plaintiff timely filed its Form 941 for the period ending September 30, 2020.

39. On June 21, 2021, the IRS made an assessment in the amount of $60,117.92 under IRC § 6656 for the failure to deposit employment taxes. Attached as Exhibit H is a copy of the IRS Account Transcript for Plaintiff's September 30, 2020 Form 941.

40. On October 31, 2021, Plaintiff paid $60,773.69, which was applied to the failure to deposit penalty and interest on that penalty. See Exhibit H.

41. On October 31, 2023, Plaintiff timely filed a formal claim for refund on Form 843, Claim for Refund and Request for Abatement, in the amount of $60,773.69. Attached as Exhibit I is a copy of the Plaintiff's complete claim for refund.

42. As illustrated by the claim for refund, the Plaintiff timely deposited its employment taxes and is not liable for the penalty. See Exhibit I.

COMPLAINT FOR REFUND OF INTERNAL REVENUE TAXES - 6



Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144  WWW.HELSELL.COM

43. On December 11, 2023, the IRS responded to Plaintiff's claim for refund requesting that taxpayer submit a "current/valid ROFTL before the FTD penalty can be assessed for abatement." Attached as Exhibit J is a copy of the IRS letter Ltr 2782C.

44. The acronym ROFTL stands for Report of Federal Tax Liability, which refers to the Schedule B (Form 941).

45. Plaintiff included with its claim for refund a valid Schedule B plus a deposit analysis that confirmed Plaintiff made timely deposits of all tax. See Exhibit I.

46. The IRS did not mail, by certified mail or registered mail, a notice of the disallowance of the part of the claim to which this suit relates.

47. This claim is timely under 26 U.S.C. § 6532 because it is not being filed before the expiration of 6 months from the date of filing the claim, and it is not filed after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

## VII.   CLAIM 5: REFUND OF IRC § 6656 FAILURE TO DEPOSIT PENALTY AND INTEREST – DECEMBER 30, 2020 FORM 941

48. Plaintiff realleges and reincorporates all facts in the preceding paragraphs 1 through 48.

49. Plaintiff seeks a refund in the amount of $1,721.22 related to its payment of the failure to deposit penalty assessed under IRC § 6656.

50. Plaintiff timely filed its Form 941 for the period ending December 31, 2020.

51. On August 23, 2021, the IRS made an assessment in the amount of $1,711.49 under IRC § 6656 for the failure to deposit employment taxes. Attached as Exhibit K is a copy of the IRS Account Transcript for Plaintiff's December 31, 2020 Form 941.

COMPLAINT FOR REFUND OF INTERNAL REVENUE TAXES - 7

HELSELL FETTERMAN
Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144  WWW.HELSELL.COM

52.     On October 31, 2021, Plaintiff paid $1,721.22, which was applied to the failure to deposit penalty and interest on that penalty. See Exhibit K.

53.     On October 31, 2023, Plaintiff timely filed a formal claim for refund on Form 843, Claim for Refund and Request for Abatement, in the amount of $1,721.22. Attached as Exhibit L is a copy of the Plaintiff's complete claim for refund.

54.     As illustrated by the claim for refund, the Plaintiff timely deposited its employment taxes and is not liable for the penalty. See Exhibit L.

55.     The IRS has not responded to Plaintiff's claim for refund, thus the IRS did not mail, by certified mail or registered mail, a notice of the disallowance of the part of the claim to which this suit relates.

56.     This claim is timely under 26 U.S.C. § 6532 because it is not being filed before the expiration of 6 months from the date of filing the claim, and it is not filed after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

### VIII.    JURY DEMAND

57.     Plaintiff requests a jury for all claims so triable.

### IX.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in its favor as follows:

a.      For a refund in the amount of $315,244.76, together with interest as provided by law;

b.      For reasonable attorneys' fees and costs;

c.      For such other relief as the court deems just and proper.

//

COMPLAINT FOR REFUND OF INTERNAL REVENUE TAXES - 8

HELSELL FETTERMAN
Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144   WWW.HELSELL.COM

DATED this 23rd day of May 2024.

**HELSELL FETTERMAN LLP**

By: */s/ Richard L. Johnson*
    Richard L. Johnson
    WSBA No. 38292
    rjohnson@helsell.com
    *Attorney for Plaintiff*
    800 Fifth Avenue, Suite 3200
    Seattle, Washington 98104
    206-427-0287

COMPLAINT FOR REFUND OF INTERNAL REVENUE
TAXES - 9

HELSELL FETTERMAN
Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144   WWW.HELSELL.COM