UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FORMA CONSTRUCTION COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO. C24-5401JLR<br><br>ORDER |

Before the court is the parties' joint motion for a 45-day continuance of their deadlines for disclosures of expert testimony, motions related to discovery, discovery completion, and dispositive motions. (Mot. (Dkt. # 17).) The parties do not seek a continuance of the January 26, 2026 bench trial date. (*Id.* at 2-3.) The parties argue that there is good cause to grant their motion because (1) both parties need additional time to complete discovery and (2) Defendant the United States of America needs time to review and evaluate the discovery documents with the Internal Revenue Service and to prepare

ORDER - 1

for Plaintiff Forma Construction Company's Rule 30(b)(6) deposition. (*Id.* at 1-2.) The parties also represent that they are "open to discussing the possibility of settlement, if appropriate," after discovery is complete. (*Id.* at 2.) The court DENIES the joint motion.

The current scheduling order sets the expert witness disclosure deadline on July 15, 2025; the discovery deadline on September 15, 2025; the dispositive motions deadline on October 14, 2025; and the bench trial on January 26, 2026. (10/25/24 Order (Dkt. # 15).) That order also provides that the case schedule may be modified "only upon good cause shown." (*Id.* at 2); *see also* Fed. R. Civ. P. 16(b)(4). "Good cause" focuses on the diligence of the party seeking to modify the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Thus, the party must demonstrate that it could not meet the deadline imposed by the scheduling order despite its diligence. *Id.* at 609. Failure to complete discovery within the time allowed, however, is not recognized as good cause. (10/25/24 Order at 2.)

Even if the parties had shown good cause, the court cannot accommodate a 45-day extension of the listed pretrial deadlines without affecting the trial date. The court sets the dispositive motions deadline to provide 28 days for the completion of briefing, an additional 30-45 days for the court to consider and decide the dispositive motions, and a final 30 days to enable the parties to prepare for trial and discuss the possibility of settlement. Granting the parties' motion would result in a dispositive motions deadline of November 28, 2025 (*see* Mot. at 3), which would not allow sufficient time for the court to decide the motions and for the parties to prepare for trial thereafter. Therefore, the

court DENIES the parties' joint motion for a 45-day continuance of the expert discovery, discovery motions, discovery completion, and dispositive motions deadlines (Dkt. # 17).

The court is willing, however, to consider moving the parties' trial date to the end of its trial calendar. The parties should be aware that the court is currently scheduling trials in late 2026. If the court moves this matter to the end of its trial calendar, it will issue a new scheduling order that resets all unexpired pretrial deadlines, including the expert disclosures deadline. If the parties wish to seek this relief, they should file a stipulated motion to that effect.

Dated this 15th day of July, 2025.

JAMES L. ROBART
United States District Judge

ORDER - 3